IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                    No. CV 21-00769 MV/LF

MANUEL GONZALES
BERNALILLO COUNTY SHERIFF'S DEPARTMENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the handwritten Civil Complaint (Doc. 1) and Amended Prisoner's Civil Rights Complaint (Doc. 4) filed by Plaintiff Donald Sharp. The Court will dismiss the Complaint and Amended Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Mr. Sharp filed his Complaint on August 17, 2021. (Doc. 1). He did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time that he filed the Complaint. The Court entered an Order to Cure Deficiencies on August 18, 2021, directing Mr. Sharp to cure deficiencies in his filing and to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within 30 days of entry of the Order. (Doc. 3). The Court also provided Mr. Sharp with a form Application to Proceed in District Court Without Prepayment of Fees or Costs (Doc. 3). The Order advised Mr. Sharp that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 2).

1

Mr. Sharp did not comply with the Court's August 18, 2021, Order.  He did file a form Application to Proceed in District Court Without Prepayment of Fees or Costs (Doc. 5).  However, the Application to Proceed was incomplete and did not include the required six-month inmate account statement.  (Doc. 5).

This is one of many cases filed by Mr. Sharp advancing a theory that local, state, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme.  (Doc. 1). Mr. Sharp contends that "Defendant does not have a surety bond that is required to perfect the Defendant's oath of office as required by NMSA 10-2-7."  (Doc. 1 at 1). Mr. Sharp alleges that "Sheriff has no JURISDICTION, so he is an outlaw operating as a principal who collects unlawful debts in violation of the RICO Act." (Doc. 4 at 1). He claims that Defendant's acts constitute treason.  (Doc. 4 at 3).  In this case, Mr. Sharp seeks $ 20 million in damages, the immediate arrest, prosecution, and punishment of Defendant Sheriff and Deputy Sheriffs, and a seizure and turnover to Mr. Sharp of all of Defendant's and Deputies' assets.  (Doc. 4 at 5).   The Court notes that Mr. Sharp has filed several civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1]   He is presently under filing restrictions

---

[1] See, including but not limited to, *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace*, *Cibola County Sheriff*, CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.

imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV.

More than four months have elapsed since entry of the Court's Order to Cure Deficiency. Mr. Sharp has not paid the $400 filing fee or submitted a complete application to proceed under § 1915 in proper form. Instead, Mr. Sharp has refused to pay the filing fee in any of his civil cases, incorrectly claiming that he is entitled to have all court fees discharged. (Doc. 8). As Mr. Sharp has been advised, regardless of whether his Civil Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from Mr. Sharp or authorize him to proceed without prepayment of the fee. Mr. Sharp has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 in proper form.

Mr. Sharp's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce … prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quotations omitted). Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* Accordingly, § "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added). Mr. Sharp's Application to Proceed in District Court Without Prepayment of Fees or Costs (Doc. 5) is DENIED for failure to comply with the requirements of § 1915.

Mr. Sharp argues that he is relieved of his obligation to pay the fees and costs for this proceeding. (Doc. 8). His contention is based on public law 48 48 112, a 1933 law rendering gold

3

clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender. *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996). Mr. Sharp's obligation to pay the fees and costs in this proceeding is imposed by statute, not by contract. 28 U.S.C. §§ 1914, 1915. Nor does the statute contain any gold clause. The 1933 law does not authorize discharge of the statutory requirement to pay the fees and costs, nor does it, in any way, relieve Mr. Sharp of his obligation to pay the entire $350.00 filing fee for every civil action that he files in this Court. Mr. Sharp's Motion to Discharge All Fees and Costs (Doc. 8) is denied.

The Court may dismiss a proceeding under Rule 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of August 18, 2021 (Doc. 3), failure to comply with federal statutes, and failure to prosecute this proceeding.

Also pending before the Court is Mr. Sharp's Motion to Enter Evidence (Doc. 6). The Court will deny the Motion as moot in light of the dismissal of this case.

**IT IS ORDERED** that:

**(1)** the Motion to Enter Evidence (Doc. 6) submitted by Mr. Sharp is **FOUND AS MOOT**;

**(2)** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) submitted by Mr. Sharp is **DENIED** for failure to comply with 28 U.S.C. § 1915;

**(3)** Mr. Sharp's Motion to Discharge All Fees and Costs (Doc. 8) is **DENIED**; and

**(4)** the Civil Complaint (Doc. 1) and the Amended Prisoner's Civil Rights Complaint (Doc. 4) filed by Mr. Sharp are **DISMISSED** without prejudice under Rule 41(b) of the Federal Rules

of Civil Procedure for failure to prosecute, failure to comply with 28 U.S.C. §§ 1914 and 1915, and failure to comply with the Court's August 18, 2021 Order.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE